United States District Court
Southern District of Texas
**ENTERED**
October 22, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., | § § § § § | |
| Plaintiff, | | |
| v. | § § § | CIVIL ACTION H-15-144 |
| SEADRILL AMERICAS, INC., *et al.,* | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendants Seadrill Americas Inc., Seadrill Gulf Operations Auriga, LLC, Seadrill Gulf Operations Vela, LLC, and Seadrill Gulf Operations Neptune, LLC's (collectively, "Seadrill") motion for immediate stay pending *inter partes* review ("IPR") at the U.S. Patent Trial and Appeal Board ("PTAB"). Dkt. 18. After considering the motion, response, reply, and applicable law, the court is of the opinion that the motion for stay should be GRANTED.

**I. BACKGROUND**

On January 16, 2015, plaintiff Transocean Offshore Deepwater Drilling, Inc. ("Transocean") sued Seadrill for infringement of four patents: U.S. Patent 6,047,781 ("the '781 patent"), U.S. Patent 6,068,069 ("the '069 patent"), U.S. Patent 6,085,851 ("the '851 patent"), and U.S. Patent 6,056,071 ("the '071 patent"). Dkt. 1. On April 30, 2015, Seadrill answered and counterclaimed seeking declaratory judgment of invalidity of each of the patents-in-suit. Dkt. 8. Transocean answered the counterclaims on May 21, 2015. Dkt. 11. In its preliminary infringement contentions, served on June 30, 2015, Transocean did not assert any claims from the '071 patent and narrowed its claims down to nine (9) claims relating to the '781 patent, the '069 patent, and the '851 patent. Dkt. 18,

Ex. A at 3.  These three patents (collectively, "the Transocean Patents") relate to a technology referred to as a "dual-activity" offshore drilling rig.  Dkt. 1. at 3.  The "dual activity" rig has two hoists mounted to the derrick instead of the more conventional single hoist arrangement.  Dkt. 18 at 4.  This feature allows for simultaneous "dual activities," such as drilling two wells at the same time.  *Id*.  Transocean asserts that Seadrill's construction and use of three dual-activity drillships infringes upon the Transocean patents.  Dkt. 1 at 3-4.

On September 18, 2015, Seadrill filed a petition for *inter partes* review ("IPR") of the '781 patent (IPR2015-01929) with the PTAB, seeking invalidation of the claims related to the '781 patent.  Dkt. 18 at 3.  On September 28, 2015, Seadrill filed petitions for IPR of the '851 patent (IPR2015-01989) and the '069 patent (IPR2015-01990), seeking invalidation of the claims related to those patents.  *Id*. at 4.  On October 6, 2015, Seadrill filed a motion for immediate stay pending resolution of the petitions for IPR of the Transocean patents.  Dkt. 18.  On October 13, 2015, Transocean filed its response in opposition to the motion for stay (Dkt. 21), and on October 14, Seadrill filed its reply (Dkt. 24).

## II. LEGAL STANDARD

Whether to stay litigation proceedings pending IPR of a patent is committed to the district court's discretion.  *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)) (request for stay pending *inter partes* reexamination).  District courts consider three factors when determining whether to grant a stay: (1) whether a stay will unduly prejudice or provide a tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question; and (3) whether the litigation is at an early stage.  *E-Watch, Inc. v. Lorex Can., Inc.*, No. CIV.A. H-12-3314, 2013 WL 5425298, at *1 (S.D. Tex. Sept. 26, 2013).  Based on these factors, courts determine whether the benefits of a stay outweigh the

inherent costs of postponing resolution of the litigation. *EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05-cv-81, 2006 WL 2501494 at *1 (E.D. Tex. July 14, 2006).

### III. ANALYSIS

IPR proceedings are conducted by a panel of three specially qualified–both legally and scientifically–administrative patent judges of the PTAB. 35 U.S.C. § 6 ("The administrative patent judges shall be persons of competent legal knowledge and scientific ability who are appointed by the Secretary, in consultation with the Director."). The IPR process was specifically established to proceed in a timely fashion. *E-Watch, Inc.,* 2013 WL 5425298 at *2 (citing 35 U.S.C. § 316). The PTAB is required to decide whether to institute an IPR within six (6) months of the IPR petition date. *See* 35 U.S.C. § 314(b) (PTAB must determine whether to institute an *inter partes* review within three months after receiving a response to the petition); 37 C.F.R. § 42.107(b) (response to a petition is due within three months of the filing date of the petition). Accordingly, the PTAB must decide whether to institute review on each of Seadrill's petitions no later than March 28, 2016. If the PTAB decides to institute review, it has one year to determine whether the challenged claims are valid. 35 U.S.C. § 316(a)(11). Therefore, at the latest, the IPR process should conclude in March of 2017. With this process in mind, the court now turns to an analysis of each of the factors bearing on whether to grant a stay pending the resolution of Seadrill's petitions for IPR.

**A.     Undue Prejudice**

Mere delay that inherently results from a stay does not constitute prejudice sufficient to deny a request for stay. *Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, No. SACV 12-21-JST JPRX, 2012 WL 7170593, at *3 (C.D. Cal. Dec. 19, 2012); *ImageVision.Net, Inc. v. Internet Payment Exch., Inc.*, No. CIV.A. 12-054-GMS, 2012 WL 5599338, at *4 (D. Del. Nov. 15, 2012). Transocean raises two arguments for why a delay in this case would cause undue prejudice: (i) delay

3

exposes Transocean to the risk of losing the testimony of one or more witnesses; and (ii) Seadrill would enjoy a competitive advantage at Transocean's expense. Dkt. 21 at 6.

Transocean's main concern is the age of its witnesses. *Id*. It alleges that the inventors of the technology are now in their late sixties and seventies, and that two of Transocean's expert witnesses are now in their eighties. *Id*. For its second argument, Transocean asserts that "[i]t is prejudicial to Transocean and its licensees to allow Seadrill to gain a foothold in this market without having to pay a license fee, as all others who use Transocean's technology in U.S. waters have done." Dkt. 21 at 7.

In *VirtualAgility Inc*., the plaintiff raised identical reasons to support its claim that granting a stay would cause undue prejudice. *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1317 (Fed. Cir. 2014). The Federal Circuit rejected both arguments, holding that the district court "clearly erred in finding that the undue prejudice factor weighed heavily against a stay." *Id*. at 1318. In that case, the plaintiff pointed out that it had one witness that was over 60 years old and three others that were over 70 years old. *Id*. at 1319. The Federal Circuit held that the "added risk of witness loss" due to age, without more, is not sufficient to justify a conclusion of undue prejudice. *Id*. (noting that "[t]here [was] no evidence that any of these individuals [were] in ill health, and at least one of the older witnesses [had] already been deposed. In addition, Rule 27 of the Federal Rules of Civil Procedure allows for the perpetuation of testimony when facts suggest that such action may be necessary"). Likewise in this case, Transocean does not allege that any of the witnesses are in poor health. Moreover, the two witnesses that are in their eighties appear to be expert witnesses used by Transocean in prior cases. Dkt. 21 at 6. Transocean does not even allege that these witnesses have been retained in this case. *Id*. Accordingly, Transocean's "added risk of witness loss" argument is insufficient to establish undue prejudice.

With regard to the second argument, the Federal Circuit acknowledged that "[c]ompetition between parties can weigh in favor of finding undue prejudice." *VirtualAgility Inc.*, 759 F.3d at 1318. However, the court concluded that "the evidence of competition was weak and the patentee's delays in pursuing suit and seeking preliminary injunctive relief belie[d] its claims that it [would] be unduly prejudiced." *Id*. In making this determination, the court noted that (i) there was no evidence that the two companies ever competed for the same customer or contract; and (ii) that "a stay [would] not diminish the monetary damages to which [plaintiff] [would] be entitled if it succeed[ed] in its infringement suit"). *Id*. The Federal Circuit concluded that "[a]t best, under the clear error standard, this factor weights *slightly* against a stay on the record." *Id*. (emphasis added).

Although Transocean alleges that "the parties are direct competitors in a small market," no evidence has been presented to suggest that the two parties compete for any of the same customers or contracts. Dkt. 21 at 7. Transocean does not allege that granting a stay would cause irreparable harm in the form of lost market share or consumer goodwill. Indeed, it does not seek any injunctive relief in this case. Transocean merely argues that it is entitled to collect a license fee for Seadrill's use of the technology. *Id*. at 7. Moreover, because the asserted patents are set to expire in May 2016, the time window for calculating any "license fee" that Transocean might ultimately be entitled to is set in stone. *Id*. at 9. Therefore, any "prejudice" Transocean may suffer can be compensated in the form of monetary damages. Accordingly, the court finds that the unfair prejudice factor is neutral, or, at most, weighs *slightly* against granting a stay.

**B.     Simplification of the Issues**

Unfortunately, the PTAB may not decide whether to grant Seadrill's IPR petitions until as late as March 28, 2016. Accordingly, whether and to what degree the issues in this case will be simplified remains unknown until PTAB makes its decision in March of 2016. If the petitions are

granted for review, the issues could be simplified because the PTAB's decision may change the terms or scope of the patents at issue. Indeed, if the PTAB in any way alters or invalidates a claim of any of the patents-in-suit, the matters at issue in this court will change. Even assuming that all of the patents-in-suit survive the IPR intact, the PTAB's insight and expertise regarding the validity of the patents would be of invaluable assistance to this court. *See E-Watch, Inc.,* 2013 WL 5425298, at *2 (discussing how reexamination by the USPTO would help simplify the issues regardless of whether the patents-in-suit are invalidated). If the PTAB decides not to review the petitions, the issues will not be simplified.

The parties disagree about the likelihood that the PTAB will institute an IPR. Transocean has asserted these same patents against other offshore drilling companies over the years. In particular, Transocean sued Maersk Drilling in 2007. *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Drilling United States, Inc.*, 699 F.3d 1340 (Fed. Cir. 2012). Transocean argues that the PTAB will likely refuse the IPRs because Seadrill's petitions are based on arguments that have already been considered and rejected in the *Maersk* case. Dkt. 21 at 8 (citing *Maersk*, 699 F.3d at 1349). In *Maersk*, the Federal Circuit upheld a jury's finding that the Transocean patents were valid, holding that although defendant made out a prima facie case of obviousness, Transocean rebutted the prima facie case where the jury reasonably found that "seven objective factors support[ed] the nonobviousness of Transocean's claims." *Id*. at 1349.

Seadrill raises two arguments in response. First, Seadrill argues that its petitions for IPR contain additional prior art and evidence refuting the so-called "secondary considerations" of non-obviousness. Dkt. 24 at 4. Specifically, Seadrill claims that it submitted evidence, not considered in *Maersk,* "that provides unequivocal disclosure of prior art offshore drilling rigs using the same structure claimed in the patent-in-suit." Dkt. 18 at 9. Second, Seadrill asserts that "the

6

relevant legal standards applied by the PTAB are different and favor a finding of invalidity, which only requires proof by a preponderance of evidence, not the clear and convincing standard used in the prior litigation." Dkt. 24 at 4.  Transocean disagrees, asserting that the PTAB would use the *Phillips* standard (i.e., the clear and convincing standard used by district courts) for claim construction because the patents are set to expire in May 2016, before the IPR would be concluded. Dkt. 21 at 9 (citing *Apple, Inc. v. Vantage Point Tech., Inc.*, IPR2015-00191, slip op. at 7 (June 2, 2015);  *Phillips v. AWH Corp.*, 415 F.3d 1303, 1316, 1327 (Fed. Cir. 2005)).

Because the issues will likely be simplified regardless of whether the asserted claims are ultimately invalidated, the court will not speculate as to what standard the PTAB would apply if it decided to institute IPR.  *E-Watch*, 2013 WL 5425298, at *2 ("[E]ven assuming that all the patents-in-suit survive the reexamination intact, the USPTO's insight and expertise regarding the validity of the patents would be of invaluable assistance to this court.").  The relevant inquiry is what standard the PTAB applies in determining whether to institute IPRs, which is whether the petition filed "shows that there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314(a).

The court finds that there is a "reasonable likelihood" that Seadrill will prevail with respect to at least 1 of its claims based on the new evidence presented in Seadrill's petitions.  Additionally, the following two facts support the conclusion that the PTAB will grant the petitions for IPR: (i) Transocean does not allege that there are any "obvious deficiencies" included in the petitions for IPR; and (ii) the high percentage of petitions that the PTAB decided to review in 2014.[1]  *See Brixham Sol. Ltd. v. Juniper Networks, Inc.*, No. 13-CV-00616-JCS, 2014 WL 1677991, at *1 (N.D.

---

[1] According to the statistics on the Patent Office website, in 2014, the PTAB instituted IPR on 75% of the petitions that it considered.  *See* Dkt. 18, Ex. B at 5.

7

Cal. Apr. 28, 2014) ("Given the high rate at which the PTO grants petitions for *inter partes* review, even a petition requesting review is likely to simplify the issues in the case, at least where, as here, the petition contains no obvious deficiencies."). Therefore, the court finds that the simplification of the issues factor favors granting a stay.

**C. Stage of Litigation**

Transocean argues that this case is too far along to grant a stay because the lawsuit was filed over eight months ago. Dkt. 21 at 7. The court disagrees. It is evident in this case that "there is more work ahead of the parties and the Court than behind the parties and the Court." *Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, No. SACV 12-21-JST JPRX, 2012 WL 7170593, at *2 (C.D. Cal. Dec. 19, 2012).

This case is still in its early stages. The parties have not yet incurred the substantial burdens associated with extensive discovery, claim construction, and other litigation tasks. The filing of the joint claim construction and the disclosure of the parties' claim construction experts are due on October 23, 2015. Dkt. 25. Transocean's claim construction opening brief is not due until November 20, Seadrill's response brief is due on December 11, 2015, and the claim construction *(Markman)* hearing is set for January 14, 2016. Dkt. 16 at 3. Additionally, no dispositive motions have been filed. *See E-Watch, Inc.*, 2013 WL 5425298, at *3 (finding that litigation was not too far along for a stay to be appropriate where (i) the claim construction hearing was scheduled for approximately one month after the stay was granted; (ii) no dispositive motions had yet been filed, (iii) discovery was in its early stages, and (iv) the case had only been on file for 10 months); *see also Tierravision, Inc. v. Google, Inc.*, No. 11CV2170 DMS BGS, 2012 WL 559993, at *2 (S.D. Cal. Feb. 21, 2012) (granting stay where *Markman* briefs were soon due and parties had only exchanged

proposed claim constructions and extrinsic evidence). Accordingly, the court finds that this case is not too far along to grant a stay.

Alternatively, Transocean argues that grating a stay is premature because the PTAB will not decide whether to institute the requests for IPR for another five months. Dkt. 21 at 5. Transocean urges the court to adopt the Eastern District's practice of delaying a litigation stay until the PTAB institutes an IPR proceeding. *Id*. (citing *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179 (E.D. Tex. Mar. 11, 2015)). However, this court has rejected the notion that litigation should not be stayed solely because an IPR has not yet been instituted. *E-Watch, Inc.,* 2013 WL 5425298, at *2. In any event, even the Eastern District acknowledges that there are "circumstances that might justify granting a stay prior to PTAB action on a review petition," citing the *Landmark* case as an example of an appropriate time to do so. *Trover*, 2015 WL 1069179, at *6 (citing *Landmark Tech., LLC v. iRobot Corp.*, No. 6:13–cv–411, 2014 WL 486836 (E.D. Tex. Jan. 24, 2014)). In *Landmark*, the Eastern District granted the stay where the PTAB was due to decide whether to grant a petition for a covered business method patents ("CBM") review within four months and the district court action was still in its early stages. *Id*. This case is in a similar stage: the PTAB is due to decide whether to institute the IPR within five months and the district court action is also in its early stages.

In *Trover*, the court denied the stay only after concluding that the defendants had engaged in a "pattern of delay." *Id*. at 4 (finding that the stage of litigation factor "cut[] strongly against a stay" where defendants unjustifiably delayed filing their petition for IPR an entire year after the complaints were filed, and by the time briefing of the stay motion was completed, the claim construction hearing had already been conducted).

The circumstances in this case are quite different. First, Seadrill's eight month delay in filing for IPR appears to be justified. The evidence shows that Seadrill was unable to identify which claims originally asserted by Transocean needed IPR until June 30, 2015, when Transocean served Seadrill with its preliminary infringement contentions. Dkt. 24. Second, in this case, if the court delays granting a stay and the PTAB decides to institute IPR in March of 2016, the parties will have already incurred significant expenses related to claim construction briefing, the *Markman* hearing, and discovery. *Trover*, 2015 WL 1069179, at *3 (noting that "the timing of the PTAB's decision whether to institute inter partes review is such that if the PTAB institutes [*inter partes*] review, a stay entered at that point has the potential to save the parties the bulk of the expenses that they would incur in the pretrial period and in going to trial"). On the other hand, if the PTAB decides *not* to institute IPR, Transocean can easily be compensated for any costs it incurs as a result of a five month litigation stay. Accordingly, the court finds that the timing factor favors granting a stay.

### IV. CONCLUSION

Based on the three factors discussed above, the court finds that the potential benefits of (i) issue simplification and (ii) the avoidance of expensive parallel proceedings outweigh the potential costs of postponing resolution of the litigation by an additional five months. Accordingly, Seadrill's motion for stay pending IPR is GRANTED.

Signed at Houston, Texas on October 22, 2015.

_____
Gray H. Miller
United States District Judge